IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH ROBERT SMITH** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 22-3005 |
| **v.** | : | |
| | : | |
| **SECRETARY OF THE DEPARTMENT OF CORRECTIONS**, *et al*. | : | |
| | : | |
| | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW,** this 23rd day of February 2023, upon consideration of Petitioner Keith Robert Smith's ("Petitioner") *pro se petition for writ of habeas corpus*, [ECF 1], and Respondents' response in opposition, [ECF 16], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge Scott W. Reid, [ECF 17], to which no objections were filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

2. The *petition for a writ of habeas corpus* is **DENIED** without an evidentiary hearing;

3. No probable cause exists to issue a certificate of appealability;[2] and

---

[1] On January 9, 2023, the Magistrate Judge filed a well-reasoned Report and Recommendation ("R&R"), recommending that the *habeas* petition be dismissed as untimely. [ECF 17]. As of the date of this Order, Petitioner has not filed any objections and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after a thorough independent review of the record and the R&R, this Court finds no error was committed by the Magistrate Judge and, therefore, approves and adopts the R&R in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable

4. The Clerk of Court is directed to mark this matter **CLOSED.**

          **BY THE COURT:**
          /s/ *Nitza I. Quiñones Alejandro*
          **NITZA I. QUIÑONES ALEJANDRO**
          *Judge, United States District Court*

---

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Under these circumstances, there is no basis for the issuance of a certificate of appealability.

2